# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BP RETAIL PARTNERS INC., | ) | Case No. 25-BK-03476 |
| BP RETAIL TX, LLC, | ) | Case No. 25-BK-03484 |
| R&R TENN REAL ESTATE HOLDINGS LLC, and | ) | Case No. 25-BK-03475 |
| COREY E. ROBINSON, | ) | Case No. 25-BK-03486 |
| | ) | |
| Debtors.[1] | ) | Hon. Randal S. Mashburn |
| | ) | Chapter 11 |
| | ) | (Joint Administration Requested) |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: September 15, 2025.
IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: September 23, 2025
at 9:30 AM COURTROOM 1, 701 BROADWAY NASHVILLE, TN
(Virtual appearances at hearing only if allowed; See website for details.)**

The relief described below is being requested from the Court. **YOUR RIGHTS MAY BE AFFECTED**. If you do not want the Court to grant this request, you or your attorney must file a response or objection by the deadline, explaining why you are opposed. **If a response or objection is not filed, the Court may grant the request without a hearing**. Any response must identify the motion to which you are responding and state the response deadline and hearing date.

The Court's filing requirements and instructions can be located on the Court's website at www.tnmb.uscourts.gov/9013. If you need assistance, you may call the Bankruptcy Court at (615) 736-5584 or visit the Bankruptcy Court in person at 701 Broadway, 1st Floor, Nashville, TN during operating hours.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of Debtors' federal tax identification numbers are: BP Retail Partners Inc. (3363), BP Retail TX, LLC (4493), R&R Tenn Real Estate Holdings LLC (4489), and Corey E. Robinson (8728). The corporate headquarters and mailing address for BP Retail Partners Inc. is 3801 2nd Ave S Clinton, IA, 52732. The corporate headquarters and mailing address for BP Retail TX, LLC is 216 7th Ave. S. #1, Clinton, IA 52732. The corporate headquarters for R&R Tenn Real Estate Holdings LLC is 501 Union St., Suite 400, Nashville, TN 37219 and the mailing address is 3801 2nd Ave S Clinton, IA, 52732. The mailing address for Corey E. Robinson is 3801 2nd Ave S Clinton, IA, 52732.

# MOTION FOR ENTRY OF ORDER AUTHORIZING CLOSURE OF CERTAIN LOCATIONS AND REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Debtors BP Retail Partners Inc. ("BP Partners") and BP Retail TX, LLC ("BP Texas" and collectively, the "Debtors"), respectfully submit, pursuant to section 365(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), this *Expedited Motion for Entry of Order Authorizing Closure of Certain Locations and Rejection of Certain Unexpired Leases of Nonresidential Real Property* (the "Motion") as designated on **Exhibit A** attached hereto. In support of this Motion (the "Motion"), the Debtors rely upon, and incorporate by reference, the *Declaration of Corey E. Robinson in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration")[2] filed contemporaneously herewith and state as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On August 21, 2025 (the "Petition Date") the Debtors each filed a voluntary petition under the provisions of Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Tennessee (the "Chapter 11 Cases").

3. Additional factual background regarding the Debtors, including their business operations, capital structure, and the events leading to the filing of the Chapter 11 Cases, is set

---

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meaning ascribed to them in the First Day Declaration.

forth in detail in the First Day Declaration, which is fully incorporated by reference herein.

4. As further outlined in the First Day Declaration, the Debtors' primary business is operation of 12 Batteries Plus franchise locations in Texas, Iowa and Illinois, and certain related real estate activities.

5. After reviewing the financial performance of their store portfolio, the Debtors have identified two Batteries Plus locations that have consistently underperformed despite the Debtors' efforts to improve sales and profitability: Store No. 203 in Ankeny, Iowa, owned by BP Partners, and Store No. 145 in Addison, Texas, owned by BP Texas (collectively, the "Closing Stores").

6. The ongoing operation of these locations is not economically viable and results in unnecessary diversion of inventory, personnel, and other resources away from the Debtors' stronger-performing stores. To preserve value for the estates and operate more efficiently, the Debtors intend to close the Closing Stores and transfer their existing inventory to nearby Batteries Plus stores, where it can be more effectively utilized.

7. The Debtors have determined, in the exercise of their sound business judgment, that this strategic consolidation will reduce operating losses, strengthen the performance of their remaining store portfolio, and enhance the overall financial health of the Debtors' franchise operations.

**REQUESTED RELIEF AND LEGAL AUTHORITY**

8. By this Motion, the Debtors request authority to (a) close the Closing Stores and (b) reject the unexpired non-residential real property leases (each a "Rejected Lease" and collectively the "Rejected Leases") described on **Exhibit A** attached hereto. The Exhibit includes the following details for each Rejected Lease:

    a. Debtor/Tenant

  b.  Property Location

  c.  Lessor name and address for notices

  d.  Guarantor(s) (if any)

  e.  Date property was or will be surrendered

9.  The Debtors have determined, in the sound exercise of business judgment, that the Closing Stores are not necessary for the business going forward, and therefore the Rejected Leases are burdensome to the estate.

10.  Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession may assume or reject any executory contract or unexpired lease of the debtor, subject to court approval. The right of a debtor-in-possession to reject unexpired leases and executory contracts is fundamental to the bankruptcy process because it supplies a mechanism to eliminate financial burdens on the bankruptcy estate. *See In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998).

11.  The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by the court, subject only to a review under the "business judgment" rule. *See In Re Gardinier, Inc.*, 831 F.2d 974, 976, n. 2 (11th Cir. 1987); *In re Albrechts Ohio Inns, Inc.*, 152 B.R. 496, 501 (Bankr. S.D. Ohio 1993).

> [A] bankruptcy court reviewing a trustee's ... decision to assume or reject an executory contract [or lease] should examine [the document] and the surrounding circumstances and apply its best "business judgment" to determine if it would be beneficial or burdensome to the estate to assume it. In reviewing a trustee's ... decision to assume an executory contract, then, a bankruptcy court sits as an overseer of the wisdom with which the bankruptcy estate's property is being managed by the trustee ..., and not, as it does in other circumstances, as the arbiter of disputes between creditors and the estate. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir.1993) (citing *Control Data Corp. v. Zelman (In re Minges)*, 602 F.2d 38, 43 (2d Cir.1979)); *see also ReGen Capital I, Inc. v. UAL Corp. (In re UAL Corp.)*, 635 F.3d 312, 319 (7th Cir.2011) (holding that the court "reviews the debtor's business judgment with

respect to the proposed assumption to determine if it would be beneficial or burdensome to assume the ... contract by evaluating whether assumption would serve the reorganization or whether it would take away funds available to other creditors."). **In essence, "[t]he business judgment rule requires the estate to assume a contract only where doing so will be to its economic advantage."** *In re Crescent Oil Co., Inc.*, 2010 WL 2721878, at *3, 2010 Bankr.LEXIS 2226, at *12 (Bankr.D.Kan. July 8, 2010) (citing *COR Route 5 Co. v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373, 383 (2d Cir. 2008)).

*In re Evans Coal Corp.*, 485 B.R. 162, 167, 2013 WL 311887 (Bankr. E.D. Tenn. 2013) (emphasis added).

12. The Debtors respectfully submit that the decision to close the Closing Stores is an exercise of sound business judgment. The Closing Stores are not necessary to the Debtors' contemplated plan of reorganization. Moreover, each of the Closing Stores has inventory and other items that must be transferred to other nearby locations to maximize the value thereof. The realization of fair value for these assets as promptly as possible will inure to the benefit of all parties in interest. Therefore, the Debtors propose to close the Closing Stores as soon as practicable following entry of an order by this Court granting the relief requested in this Motion.

13. For the reasons set forth herein and in the First Day Declaration, Debtors' rejection of the Rejected Leases comports with the requirements of section 365(a) of the Bankruptcy Code and satisfies the business judgment rule.

14. Debtors' management has determined that the locations relating to the Rejected Leases are not necessary for an effective reorganization, and that continued performance under the Rejected Leases would constitute an unnecessary drain upon the financial resources of the Debtors without any corresponding benefit to the bankruptcy estate. Because "[t]he business judgment rule requires the estate to assume a contract only where doing so will be to its economic advantage economic advantage," assumption or continuation of the Rejected Leases would not be in the best interest of the estate, and it is in the estate's best interest to reject the Rejected Leases.

15. If the Debtors determine that personal property located at either of the Closing Stores is burdensome and of inconsequential value, Debtors request authority to abandon such personal property, and further requests that the subject landlord with an interest in such personal property be authorized to use, sell, or dispose of abandoned personal property without the necessity of seeking further Order of the Court.

**NOTICE**

16. Notice of this Motion has been served upon the U.S. Trustee, the landlords for each Rejected Lease, and all secured creditors and the 20 largest unsecured creditors of each of the Debtors. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

WHEREFORE, Debtors respectfully request entry of an order substantially in the form of the proposed order attached hereto: (i) granting this Motion; (ii) authorizing the closure of the Closing Stores; (iii) authorizing rejection of the Rejected Leases; (iv) fixing the rejection date as the date the premises are surrendered; and (v) granting the Debtors such other and further relief to which they may be entitled.

*[the remainder of this page is intentionally left blank]*

Dated: August 22, 2025.  Respectfully submitted,

*/s/ Robert J. Gonzales*
Robert J. Gonzales (TN BPR# 016705)
Hannah L. Berny (TN BPR# 039269)
EMERGELAW, PLC
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535
robert@emerge.law
hannah@emerge.law

*Proposed Counsel for Debtors and
Debtors in Possession*

# Exhibit A

## Closing Stores and Rejected Leases

| Debtor (Tenant) | Store Number | Lessor Name and Address for Notices | Premises Location | Guarantor (If any) | Proposed Date of Surrender |
|---|---|---|---|---|---|
| **BP Retail TX, LLC** | 145 | The Merrifield No. 1 Limited Partnership<br>25 Highland Park Village<br>Suite 100-396<br>Dallas, TX 75205 | 4151 Beltline Road, Suite 102<br>Addison, TX 75001 | Corey Robinson | September 15, 2025 |
| **BP Retail Partners Inc.** | 203 | Woodside Business Park LLC<br>C/O Denny Elwell Company<br>PO Box 187<br>Ankeny, IA 50021 | 909 SE Oralabor Rd., Suite 104<br>Ankeny, IA 50021 | Unknown | September 15, 2025 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BP RETAIL PARTNERS INC., | ) | Case No. 25-BK-03476 |
| BP RETAIL TX, LLC, | ) | Case No. 25-BK-03484 |
| R&R TENN REAL ESTATE HOLDINGS LLC, and | ) | Case No. 25-BK-03475 |
| COREY E. ROBINSON, | ) | Case No. 25-BK-03486 |
| | ) | |
| Debtors.[1] | ) | Hon. Randal S. Mashburn |
| | ) | Chapter 11 |
| | ) | (Joint Administration Requested) |

**ORDER AUTHORIZING CLOSURE OF CERTAIN LOCATIONS
AND REJECTION OF CERTAIN UNEXPIRED LEASES OF
<u>NONRESIDENTIAL REAL PROPERTY</u>**

This matter is before the Court on Debtors' *Expedited Motion for Entry of Order Authorizing Closure of Certain Locations and Rejection of Certain Unexpired Leases of Nonresidential Real Property* (the "<u>Motion</u>")[2] pursuant to Bankruptcy Code section 365 and Bankruptcy Rule 6006. Upon consideration of the Motion and First Day Declaration; and due and

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of Debtors' federal tax identification numbers are: BP Retail Partners Inc. (3363), BP Retail TX, LLC (4493), R&R Tenn Real Estate Holdings LLC (4489), and Corey E. Robinson (8728). The corporate headquarters and mailing address for BP Retail Partners Inc. is 3801 2nd Ave S Clinton, IA, 52732. The corporate headquarters and mailing address for BP Retail TX, LLC is 216 7th Ave. S. #1, Clinton, IA 52732.The corporate headquarters for R&R Tenn Real Estate Holdings LLC is 501 Union St., Suite 400, Nashville, TN 37219 and the mailing address is 3801 2nd Ave S Clinton, IA, 52732. The mailing address for Corey E. Robinson is 3801 2nd Ave S Clinton, IA, 52732.

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion.

sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors and the bankruptcy estates; and after due deliberation thereon and sufficient cause appearing therefore, it is hereby ORDERED that:

1. The Motion is GRANTED.

2. The Debtors' decision to close the Closing Stores and reject the Rejected Leases is a reasonable exercise of the Debtors' sound business judgment and is in the best interests of the Debtors, the estates, the Debtors' creditors and all parties in interest.

3. The Debtors are hereby immediately authorized, in their sole discretion, to conduct closing of the Closing Stores listed on Exhibit A to the Motion, and to shut down such Closing Stores, notwithstanding, and without complying with, any applicable provision of any lease, contract, or non-bankruptcy law (except those governing health and safety) purporting to limit, condition, or impair the Debtors' ability to close a store and sell or abandon its contents.

4. The Rejected Leases set forth in Exhibit A to the Motion are rejected as of the date the subject property is surrendered as indicated in Exhibit A.

5. Any rejection claim related to a Rejected Lease shall be filed by the deadline for filing claims as may be established by separate Order of this Court or shall be waived.

6. Absent further order of this Court, landlords at or lessors of the Debtors' store locations are hereby enjoined from interfering with or restricting in any way the Debtors' ability to conduct closing of the Closing Stores or to close any stores in a manner consistent with this Order. Any provisions in any lease which purport to limit, condition, impair or prohibit the closing of the Closing Stores shall not be enforceable, nor shall any breach of such provisions constitute a

basis for additional damages above and beyond that which are associated with the rejection of the Rejected Leases.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. The Debtors are authorized to abandon any personal property that may be located at the subject premises, if the Debtors, in their sole discretion, determine that such personal property is burdensome and of inconsequential value. The subject landlord with an interest in such personal property is authorized to use, sell, or dispose of abandoned personal property without any further notice or liability to any party, and to the extent applicable, the automatic stay is modified to permit such use or disposition.

9. The Court retains exclusive jurisdiction to enforce the terms of this Order.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

IT IS SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:

*/s/ Robert J. Gonzales*
Robert J. Gonzales (TN BPR# 016705)
Hannah L. Berny (TN BPR# 039269)
EMERGELAW, PLC
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535
robert@emerge.law
hannah@emerge.law

*Proposed Counsel for Debtors and Debtors in Possession*