SO ORDERED.
SIGNED 24th day of September, 2025

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Randal S. Mashburn
Chief U.S. Bankruptcy Judge



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| BP RETAIL PARTNERS INC., | ) Case No. 25-BK-03476 |
| BP RETAIL TX, LLC, | ) Chapter 11 |
| R&R TENN REAL ESTATE HOLDINGS LLC, and | ) Judge Randal S. Mashburn |
| COREY E. ROBINSON, | ) (Jointly Administered) [1] |
| | ) |
| Debtors. | ) |

## ORDER AUTHORIZING CLOSURE OF CERTAIN LOCATIONS
## AND REJECTION OF CERTAIN UNEXPIRED LEASES OF
## NONRESIDENTIAL REAL PROPERTY
(Relates only to BP Retail Partners, Inc. and BP Retail TX, LLC)

This matter is before the Court on Debtors' *Expedited Motion for Entry of Order Authorizing Closure of Certain Locations and Rejection of Certain Unexpired Leases of Nonresidential Real Property* (the "Motion")[2] pursuant to Bankruptcy Code section 365 and Bankruptcy Rule 6006. Upon consideration of the Motion and First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested

---

[1] The Debtors' respective tax identification numbers (last four digits) and case numbers are: BP Retail Partners Inc., Tax ID No. 3363, at Case No. 25-3476; BP Retail TX, LLC, Tax ID No. 4493, at Case No. 25-3484; R&R Tenn Real Estate Holdings LLC, Tax ID No. 4489, at Case No. 25-3475; and Corey E. Robinson, SS No. 8728, at Case No. 25-3486.

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion.

by the Motion is in the best interests of the Debtors and the bankruptcy estates; and after due deliberation thereon and sufficient cause appearing therefore, it is hereby ORDERED that:

1. The Motion is GRANTED.

2. The Debtors' decision to close the Closing Stores and reject the Rejected Leases is a reasonable exercise of the Debtors' sound business judgment and is in the best interests of the Debtors, the estates, the Debtors' creditors and all parties in interest.

3. The Debtors are hereby immediately authorized, in their sole discretion, to conduct closing of the Closing Stores listed on Exhibit A to the Motion, and to shut down such Closing Stores, notwithstanding, and without complying with, any applicable provision of any lease, contract, or non-bankruptcy law (except those governing health and safety) purporting to limit, condition, or impair the Debtors' ability to close a store and sell or abandon its contents.

4. The Rejected Leases set forth in Exhibit A to the Motion are rejected as of the date the subject property is surrendered as indicated in Exhibit A.

5. Any rejection claim related to a Rejected Lease shall be filed by the deadline for filing claims as may be established by separate Order of this Court or shall be waived.

6. Absent further order of this Court, landlords at or lessors of the Debtors' store locations are hereby enjoined from interfering with or restricting in any way the Debtors' ability to conduct closing of the Closing Stores or to close any stores in a manner consistent with this Order. Any provisions in any lease which purport to limit, condition, impair or prohibit the closing of the Closing Stores shall not be enforceable, nor shall any breach of such provisions constitute a basis for additional damages above and beyond that which are associated with the rejection of the Rejected Leases.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. The Debtors are authorized to abandon any personal property that may be located at the subject premises, if the Debtors, in their sole discretion, determine that such personal property is burdensome and of inconsequential value. The subject landlord with an interest in such personal property is authorized to use, sell, or dispose of abandoned personal property without any further notice or liability to any party, and to the extent applicable, the automatic stay is modified to permit such use or disposition.

9. The Court retains exclusive jurisdiction to enforce the terms of this Order.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. Entry of this Order is without prejudice to the rights of Batteries Plus, LLC to seek to enforce contractual obligations of Corey Robinson as guarantor under all franchise agreements between the parties.

IT IS SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:

*/s/ Robert J. Gonzales*
Robert J. Gonzales (TN BPR# 016705)
Hannah L. Berny (TN BPR# 039269)
EMERGELAW, PLC
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535
robert@emerge.law
hannah@emerge.law

*Counsel for Debtors and Debtors in Possession*